
FILED
NOV 16 2012
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 11-30113-RAL |
| Plaintiff, | * | |
| vs. | * | OPINION AND ORDER |
| | * | DENYING MOTION TO |
| PATRICK BROWN THUNDER, | * | SEVER COUNTS AND |
| | * | DEFENDANTS FOR TRIAL |
| Defendant. | * | |

## I. INTRODUCTION

Defendant Patrick Brown Thunder was indicted on four separate counts in a superseding indictment filed on July 18, 2012. Doc. 110. Count I alleges sexual abuse of a minor with initials A.C. that occurred on or between April 23, 2005 and April 22, 2006, near Dupree, South Dakota. Count II alleges sexual abuse of a minor with initials H.C. with Brown Thunder's penis that occurred on March 28, 2008, near Dupree. Doc. 110. Count III alleges sexual abuse of H.C. with Brown Thunder's hand, finger, or an object that occurred on March 28, 2008, near Dupree. Doc. 110. Count IV alleges kidnapping of H.C. that occurred on March 28, 2008, near Dupree. Doc. 110.

## II. FACTS

On October 16, 2012, Brown Thunder filed a Motion to Sever Counts for Trial. Doc. 131. The Government resisted and provided information that the alleged sexual abuse of A.C. occurred in somewhat similar circumstances to the alleged sexual abuse of H.C. Doc. 138. According to the Government, A.C. was thirteen years old when Brown Thunder allegedly sexually abused her, which was between April of 2005 and April of 2006. Doc. 138 at 1. H.C. was fourteen years old on March 28, 2008, when Brown Thunder allegedly sexually abused her. Doc. 138 at 1. When interviewed, A.C. stated that she and Brown Thunder drove to some back roads around Dupree and had sexual

intercourse in his car. Doc. 138 at 9-10. Brown Thunder is alleged to have been more than four years older than A.C. at the time, and A.C. was under the age of 16 at the time. Doc. 110. A.C. could not remember the exact date of the alleged sexual abuse, but thought it occurred in January 2006. Doc. 138 at 9.

The Government alleges that the assault of H.C. occurred in circumstances somewhat similar to the abuse of A.C. On March 28, 2008, A.C. was drinking with H.C. and Brown Thunder. Doc. 138 at 7-8. H.C. became very intoxicated. Doc. 138 at 7-8. A.C. put H.C. in Brown Thunder's car and told Brown Thunder not to leave. Doc. 138 at 7-8. Contrary to A.C.'s request, Brown Thunder drove away with H.C. in the car. Doc. 138 at 7-8. The Government alleges that A.C. tried to locate H.C. and Brown Thunder by going to the back roads near Dupree where the alleged sexual assault on A.C. had occurred. Doc. 138 at 7-8. Finally, the Government maintains that Brown Thunder sexually assaulted H.C. on or near those back roads near Dupree. Doc. 138.

## III. DISCUSSION

Brown Thunder argues that Count I involving A.C. ought to be severed from Counts II, III, and IV involving H.C. because, according to Brown Thunder, (1) the counts are not of the same or similar character to one another; (2) the counts are not within a "relatively short period of time" of one another; (3) evidence of the sexual abuse of A.C. would not be admissible under Federal Rules of Evidence 413 in the trial of H.C., and vice versa; and (4) even if the evidence of the sexual abuse is admissible under Rule 413, such evidence should be excluded because its prejudicial effect substantially outweighs its probative value. Doc. 132.

Rule 8(a) of the Federal Rules of Criminal Procedure governs joinder of offenses for trial. Rule 8(a) provides that a single indictment may charge a defendant in separate counts with multiple offenses if the offenses are of the "same or similar character, or are based on the same act or

2

transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a); United States v. Bruguier, No. 11-40012-01, 2011 WL 1833008, at *1 (D.S.D. May 13, 2011). Rule 8(a) is broadly construed in favor of joinder to promote judicial efficiency. United States v. McCarther, 596 F.3d 438, 441-42 (8th Cir. 2010); United States v. Little Dog, 398 F.3d 1032, 1037 (8th Cir. 2005); United States v. Fast Horse, No. 12-30034-01-RAL, 2012 WL 5334740, at *1 (D.S.D. Oct. 26, 2012). Offenses are of the "same or similar character" when "the two counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence to each count overlaps." United States v. Rodgers, 732 F.2d 625, 629 (8th Cir. 1984). Whether the offenses occur within the requisite "relatively short time period" must be determined on a case-by-case basis and the length of the period between the offenses is judged "relative to the similarity of the offenses, and the possible overlapping of evidence." Id.

Charges against Brown Thunder arise from events that allegedly occurred between 23 months and possibly up to 35 months apart. The United States Court of Appeals for the Eighth Circuit has upheld joinder of offenses occurring within similar time spans. See Rodgers, 732 F.3d at 629 (upholding joinder of offenses occurring 20 months apart because offenses were of the same type and evidence overlapped); United States v. Hastings, 577 F.2d 38, 40 (8th Cir. 1978) (upholding joinder of counterfeiting offenses occurring over two year span); United States v. Lindsey, 782 F.2d 116, 117 (8th Cir. 1986) ("The seventeen-month time period between the offenses at issue here does not violate the 'relatively short period of time' factor."). At least one decision in the District of South Dakota has allowed joinder of counts for trial when the joined offenses occurred even further apart than the crimes alleged here. See Bruguier, 2011 WL 1833008, at *1 (upholding joinder of sex offense crimes that occurred over five years apart); see also Fast Horse, 2012 WL 5334740, at *1 (upholding joinder of sex offenses that occurred up to thirteen months apart).

3

A time gap between joined offenses of 23 months and possibly up to 35 months must be considered in light of the similarity of the offenses and the overlap of the evidence to determine whether the offenses are of similar character to allow joinder. Rodgers, 732 F.2d at 629; Bruguier, 2011 WL 1833008, at *1 ("While the offense alleged in count 7, sexual abuse of a minor, is alleged to have occurred over five years before any of the other alleged offenses, the 'time period' is only one 'factor' to consider with regard to whether the offenses are of the same or similar character."). Here, the alleged crimes are similar. Both are sex offenses that occurred with girls who were about the same age at the time of the offense in the same area and in the defendant's car. Also, the alleged victim A.C. was present with Brown Thunder and H.C. before the alleged assault on H.C., and A.C. took part in searching for H.C. by looking in the area where the defendant allegedly had previously sexually abused A.C.

Even if this Court were to sever for separate trials the counts involving H.C. from the count involving A.C., the evidence of the alleged sexual abuse of A.C. would be admissible in the trial of the counts involving H.C. under Federal Rule of Evidence 413. Likewise, at any trial of the count involving A.C., the testimony of H.C. as to any alleged sexual abuse would appear to be admissible. Evidence of a defendant's prior bad acts is generally inadmissible to prove his propensity to commit crimes. See Fed. R. Evid 404(b); United States v. Holy Bull, 613 F.3d 871, 873 (8th Cir. 2010). However, Rule 413(a) provides that "[i]n a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault." This evidence is admissible to be considered for any matter that is relevant, including the "defendant's propensity to commit such offenses." United States v. Gabe, 237 F.3d 954, 959 (8th Cir. 2001). Congress has exhibited a "strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible." Holy Bull, 613 F.3d at 873 (quoting Gabe, 237 F.3d at 959).

4

Here, the offenses in Counts I, II, and III are all "sexual assaults" for purposes of Rule 413.[1] Evidence of the alleged sexual abuse on H.C. would appear to be admissible in the separate trial of A.C., and vice versa, based on Rule 413 because it is relevant to the issue of Brown Thunder's propensity to commit similar sexual abuses. Therefore, although the offenses allegedly occurred roughly two to three years from one another, the similarity of the alleged crimes and the admissibility of the evidence in each trial make joinder appropriate.

Brown Thunder nevertheless argues that, in separate trials, evidence of the sexual abuse of the other alleged victim would not be admissible or relevant to any material fact. Doc. 132 at 6-7. To make his argument, Brown Thunder cites United States v. LeCompte, 99 F.3d 274 (8th Cir. 1996) (hereinafter LeCompte I), for the proposition that when the defendant denies the occurrence of the sexual abuse, evidence of other sexual assaults is inadmissible because the defendant is not raising any issues as to identity, plan, or *modus operandi*. Doc. 132 at 6-7. The full history of the litigation of the LeCompte case demonstrates that Brown Thunder's argument is mistaken. In LeCompte I, on the eve of LeCompte's trial on a sexual abuse charge, the Government served notice that it was going to offer evidence that LeCompte had previously molested three other children. Id. at 276. The district court ruled that such short notice before trial was untimely and inadequate under Rule 413(b) and Rule

---

[1] Rule 413 applies when the defendant is accused of "sexual assault" and makes admissible evidence of another "sexual assault." Fed. R. Evid 413(a). Among the various ways "sexual assault" is defined, one is "any conduct prohibited by 18 U.S.C. chapter 109A." Fed. R. Evid 413(d)(1). The crime of "Sexual Abuse" under 18 U.S.C. § 2242 and the crime of "Sexual Abuse of a Minor or Ward" under 18 U.S.C. § 2243 are both conduct prohibited under chapter 109A. Brown Thunder is charged under § 2243 for the alleged sexual abuse abuse of A.C. and under § 2242 for the alleged sexual abuses of H.C. Therefore, each crime is considered a "sexual assault" for purposes relevant to Rule 413. Also, Count IV alleges kidnapping H.C. which occurred directly before and led to the sexual assault. Evidence of the alleged kidnapping is admissible in a trial with Counts II and III because it would be used to show "the full context of the charged crime," and is considered "'intrinsic evidence not governed by Rule 404(b)." United States v. Carroll, 207 F.3d 465, 468 (8th Cir. 2000).

414(b)—the rules governing when evidence of prior sexual assaults may be used in subsequent trials. Id. The district court, however, ruled the notice was timely and the evidence was admissible under Rule 404(b)—the rule governing the admissibility of character evidence for non-character purposes. Id. The Eighth Circuit reversed the admission of this evidence under Rule 404(b) as "not relevant to prove plan, preparation, or *modus operandi*" because the crimes were not similar enough to meet the high "signature crime" threshold. Id. at 278-79. The Eighth Circuit remanded for a new trial. Id. at 279.

In LeCompte's second trial, the district court ruled that the evidence of the previous sexual abuses was possibly admissible under Rule 414, but excluded the evidence as unduly prejudicial under Rule 403. United States v. LeCompte, 131 F.3d 767, 769 (8th Cir. 1997) (hereinafter LeCompte II). The Eighth Circuit reversed the district court again. Id. at 770. "In light of the strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible," the Eighth Circuit held that the district court abused its discretion in holding "that the probative value of [the previous victim's] testimony was substantially outweighed by the danger of unfair prejudice." Id. at 769.

Brown Thunder's reliance on LeCompte I is misplaced because the evidence of other similar sexual abuse would come in against Brown Thunder, even if the trials were severed, under Rule 413, not Rule 404. Evidence of previous sex offenses can be offered in a sex offense trial for any purpose for which it is relevant, including the "defendant's propensity to commit such offenses." Gabe, 237 F.3d at 959. Concerns relevant under Rule 404(b)—such as whether the character evidence has any tendency to prove identity, intent, or motive—are not reasons to exclude evidence under Rule 413. See United States v. Mound, 149 F.3d 799, 802 (8th Cir. 1998) (noting that "there is no inherent error in admitting under Rule 413 evidence that would be inadmissible under Rule 404(b): that is the rule's intended effect").

6

Brown Thunder next argues that even if the evidence of A.C.'s alleged sexual abuse is admissible under Rule 413 in any trial of the allegations involving H.C. (and vice versa), such evidence would still not be admissible under Rule 403 because it is unduly prejudicial. "If the evidence of the defendant's prior sexual offense is relevant, 'the evidence is admissible unless its probative value is substantially outweighed by . . . the danger of unfair prejudice.'" United States v. Hollow Horn, 523 F.3d 882, 887 (8th Cir. 2008) (quoting Gabe, 237 F.3d at 959) (internal quotation marks omitted).

In LeCompte II, the government intended to introduce evidence in the defendant's trial for sexually molesting his niece that the defendant previously had sexually molested another niece. LeCompte II, 131 F.3d at 769. The alleged assaults were similar: both victims were the defendant's nieces, he forced both of them to touch him, he touched them in similar places, and he exposed himself to both girls. Id. The district court in LeCompte II had held the evidence was unduly prejudicial because its probative value was limited by differences between the assaults: one assault occurred with the victim's siblings present, while, in the other, the victim was alone; the defendant had played games with one victim before molesting her, while, in the other, he had not played any games; and the two molestations were separated by eight years. Id. The Eighth Circuit overruled the district court and held the evidence was admissible because, "[i]n light of the strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible," the two alleged molestations were "substantially similar" and the evidence's probative value "substantially outweighed . . . the danger of unfair prejudice." Id. at 769.

The assault on A.C. differs from the assault on H.C. in some ways. A.C. apparently agreed to enter Brown Thunder's car, but was too young to consent to having sexual relations with Brown Thunder when he allegedly sexually abused her in his car. H.C. was too young as well, but was unconscious from excess alcohol consumption when Brown Thunder allegedly sexually abused her

7

in his car. However, there are substantial similarities. Both A.C. and H.C. were around the same age at the times of the alleged assaults, both knew the defendant prior to the alleged assaults, the alleged assaults occurred in the same general area, and the alleged assaults occurred in the defendant's car after he drove them to that area. The differences in the assaults are not sufficient to make the danger of unfair prejudice substantially outweigh the probative value of the evidence. Moreover, Congress' strong policy in favor of inclusion of previous sexual assaults in sexual assault trials militates in favor of their inclusion.

Next, Brown Thunder argues that, even if the claims are properly joined, joinder is prejudicial under Rule 14(a) of the Federal Rules of Criminal Procedure. Rule 14(a) provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). However, the Eighth Circuit repeatedly has recognized that "no prejudice results from the refusal to sever when evidence of one charge would be admissible in a separate trial on the other." McCarther, 596 F.3d at 442; see also United States. v. Steele, 550 F.3d 693, 702 (8th Cir. 2008). As noted above, under Rule 413 of the Federal Rules of Evidence, even if the allegations involving A.C. were severed from those involving H.C., the evidence relating to each victim's assault would appear to be admissible in each's separate trial. The similarity in the ages of the victims, the victims' relationships to the defendant, and the circumstances of the alleged sexual assaults support admission of evidence of A.C.'s alleged sexual assault in any trial involving H.C.'s alleged sexual abuse, and vice versa. See Holy Bull, 613 F.3d at 873-74 (upholding admission of Rule 413 evidence when "[t]he testimony of the prior victim revealed a pattern of abuse quite similar to the abuse alleged in the indictment").

8

Count I was properly joined with Counts II, III, and IV. Counts I, II, and III are all of the "same or similar character" because they are all sexual abuses that occurred in the Defendant's car on the backroads near Dupree between victims of similar ages. Count IV is not of the same type, but it was properly joined because it constitutes "part[] of a common scheme" with Counts II and III. Rodgers, 732 F.2d at 629.

Therefore, for the reasons discussed above, it is hereby

ORDERED that the Motion to Sever Counts for Trial, Doc. 131, is denied.

Dated November 16th, 2012.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE